IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LARENE D. JONES, | § | |
|         Plaintiff, | § | |
| V. | § | |
| | § | |
| TV TRONICS AND TECHNICIAN MARIO (LNU), | § | A-16-CV-0123-RP-ML |
| | § | |
|         Defendants. | § | |
| | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Plaintiff's Complaint [Dkt. #1] and Motion to Proceed in Forma Pauperis [Dkt. #2]. Because Plaintiff is requesting permission to proceed in forma pauperis, the merits of her claims are subject to initial review pursuant to 28 U.S.C. § 1915(e).

I. REQUEST TO PROCEED IN FORMA PAUPERIS

The undersigned has reviewed Plaintiff's financial affidavit and determined she is indigent and should be granted leave to proceed in forma pauperis. It is therefore ORDERED that Plaintiff is GRANTED in forma pauperis status and that the complaint be filed without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action may be dismissed if the

1

allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e).  Plaintiff is further advised, although she has been granted leave to proceed in forma pauperis, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases.  *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending dismissal of Plaintiff's claims.  Therefore, *service upon Defendants should be withheld* pending the District Court's review of the recommendations made in this report.  If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II.   REVIEW OF THE MERITS OF THE CLAIMS

### A.  Factual Allegations

Plaintiff Larene Jones alleges Defendants, TV Tronics and its technician Mario (Last Name Unknown), conspired to steal a component from her television set by telling her Mario needed to remove it in order to replace the part and repair the television.  Plaintiff alleges the component that was stolen from her television set traveled in interstate commerce, and on this basis invokes the jurisdiction of the federal court.

### B.  Standard of Review

Federal court jurisdiction is generally limited to cases that raise a question of federal law, 28 U.S.C. § 1331, or cases that invoke the court's diversity jurisdiction, 28 U.S.C. § 1332.  Diversity jurisdiction applies when the defendants are domiciled in a different state from the plaintiff, and the amount in controversy exceeds $75,000.  *Id.*; *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674-75 (5th Cir. 2003).  If the asserted basis of federal jurisdiction is the diversity

of the parties, 28 U.S.C. § 1332, the party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

### C. Analysis

Jones alleges the television component in question traveled in interstate commerce, but this fact alone does not transform her common law fraud and conversion claims into federal causes of action. She has not alleged any violation of a federal law or constitutional right, and federal question jurisdiction is therefore not apparent on the face of her claims. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09 (1988) (federal question jurisdiction exists if the complaint establishes (1) federal law creates the cause of action, or (2) federal law is a necessary element of one of the well-pleaded claims).

Jones has not met her burden to invoke the Court's diversity jurisdiction, either. She has not plead that either Defendant, TV Tronics or its technician Mario, is a citizen of a state other than Texas, nor has she plead the television or television component allegedly stolen from her has a value of $75,000 or more. *See* 28 U.S.C. § 1332. Because no basis for the exercise of federal jurisdiction is evident on the face of the complaint, Plaintiff's claim should be dismissed without prejudice for lack of jurisdiction.

## III.   RECOMMENDATIONS

The Magistrate Court hereby GRANTS Plaintiffs' Application to Proceed In Forma Pauperis [Dkt. #2].

The undersigned RECOMMENDS the District Court dismiss Plaintiffs' Complaint [Dkt. #1] WITHOUT PREJUDICE for lack of jurisdiction.

### IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED February 11, 2016

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE