IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LARENE JONES, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:16-CV-123-RP |
| TV TRONICS and TECHNICIAN MARIO (LNU), | § § § § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff's Motion to Reconsider, (Dkt. 10), which seeks relief from the Court's order adopting United States Magistrate Judge Mark Lane's Report and Recommendations and dismissing Plaintiff's complaint without prejudice for lack of jurisdiction, (Dkt. 8). Having reviewed the pleadings, the relevant law, and the factual record, the Court hereby **DENIES** Plaintiff's motion.

### I. Background

Plaintiff initiated the instant action in February 2016. By way of her complaint, Plaintiff asserted that she sought to have her television repaired by Defendant TV Tronics and its technician Defendant Mario. She alleged Defendants falsely informed her that Mario needed to remove a component from her television in order to replace the part and repair the television. According to Plaintiff, Defendants stole the component, using it to repair other televisions. Plaintiff alleged the component stolen from her television traveled in interstate commerce and that, as such, her claim fell within the jurisdiction of the federal court.

Because Plaintiff sought leave to proceed in forma pauperis, the matter was referred to United States Magistrate Judge Mark Lane for a Report and Recommendation on the merits

1

pursuant to 28 U.S.C. §§ 636(b) and 1915A, Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Magistrate Judge Lane filed his Report and Recommendation on February 11, 2016, (Dkt. 4), recommending the Court dismiss Plaintiff's complaint without prejudice for lack of jurisdiction.

On July 16, 2015, Plaintiff filed her Objection to the Magistrate Judge Report and Recommendation, objecting to the recommendation that her complaint be dismissed. (Dkt. 7). In light of the objections, the Court undertook a de novo review of the entire case, finding that the Report and Recommendation was correct and should be approved and accepted. (Dkt. 8).

The instant motion, brought pursuant to Federal Rule of Civil Procedure 60(b), seeks relief from the Court's order dismissing Plaintiff's complaint. (Pl.'s Mot. Recons., Dkt. 10, at 1).

## II. Standard of Review

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration" by that name. *Lavespere v. Niagara Mack & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1991). However, the Fifth Circuit has held that a motion for reconsideration should be treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within twenty-eight days of the judgment at issue; otherwise, it is considered a motion for relief under Rule 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004).[1]

This Court rendered its order dismissing Plaintiff's complaint on March 2, 2016. (Dkt. 8). Plaintiff filed the instant motion on September 16, 2016. (Dkt. 10). Therefore, the motion to reconsider must be evaluated under Rule 60(b).

---

[1] In *Shepherd*, the Fifth Circuit held that a motion for reconsideration should be considered a Rule 59(e) motion if filed within ten days of the judgment or order in question. *Shepherd*, 372 F.3d at 328 n.1. That timeline was derived from the then-existing requirement that Rule 59(e) motions be filed within ten days of the judgment or order of which the party complained. The 2009 amendments to the Federal Rules changed that deadline. Today, a motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e).

Federal Rule of Civil Procedure 60(b) permits a district court to relieve a party of a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Plaintiff's motion to reconsider does not direct the Court to a specific section of Rule 60(b). (*See generally* Pl.'s Mot. Recons., Dkt. 10). Because the motion alleges no facts suggesting the need for analysis under Rules 60(b)(2)–(5), the Court will focus its attention on Rules 60(b)(1) and 60(b)(6). Rule 60(b)(1) allows relief for "mistake, inadvertence . . . or excusable neglect," but "these terms are not wholly open-ended." *Pryor v. U.S. Postal Service*, 769 F.2d 281, 287 (5th Cir. 1985). "Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief." *Id.* at 286. Such motions may, for example, be used to rectify obvious errors of law apparent on the record. *Benson v. St. Joseph Region Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009) (quoting *Hill*, 827 F.2d at 1043). Rule 60(b)(6), meanwhile, is "commonly referred to as a 'grand reservoir of equitable power to do justice.'" *Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010) (quoting *Williams v. Thaler*, 602 F.3d 291, 311 (5th Cir. 2010)). However, the rule is only invoked in "extraordinary circumstances." *Id.*; *see also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). The decision to grant or deny relief under Rule 60(b) "lies within the sound discretion of the district court." *Williams*, 602 F.3d at 291.

## II. Discussion

The Court's primary basis for accepting Magistrate Judge Lane's Report and Recommendation and dismissing Plaintiff's complaint was Plaintiff's failure to establish the

3

jurisdiction of the federal court. The complaint did not allege a violation of a federal law or constitutional right. Instead, Plaintiff argued that the television component in question traveled in interstate commerce, giving rise to a claim under the Commerce Clause of the United States Constitution. As the Court explained in its order adopting the Report and Recommendation, the Commerce Clause does not create any individual rights. (Order, Dkt. 8, at 2).

Plaintiff's instant motion predicates its request for relief on a comparison to cases involving the Sixth and Eighth Amendments to the U.S. Constitution and the rights afforded to citizens therein. It does not allege facts suggesting the Court acted in mistake or neglect, as required by Rule 60(b)(1), or that an extraordinary circumstance necessitates relief pursuant to Rule 60(b)(6). As such, Plaintiff is not entitled to reconsideration of the Court's order dismissing her claim.

## IV. Conclusion

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479. As such, and for the reasons stated herein, the Court hereby **DENIES** Plaintiffs' Motion for Reconsideration (Dkt. 10).

**SIGNED** on December 14, 2016.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE